United States District Court

for the

Southern District of Florida

| | | |
|---|---|---|
| Martin Guerra, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-23366-Civ-Scola |
| | ) | |
| MSC Cruises, S.A., Defendant. | ) | |

### Order Denying Motion to Dismiss

This matter is before the Court on the Defendant MSC Cruises, S.A.'s motion to dismiss the amended complaint (ECF No. 20) for failure to state a claim on which relief can be granted. (ECF No. 21.) The Plaintiff has responded (ECF No. 22), and MSC Cruises has filed a reply. (ECF No. 25.) The Court has reviewed the briefing, the record, the relevant legal authorities, and is otherwise fully advised. The Court **denies** the motion (**Mot., ECF No. 21**) for the reasons described below.

1. **Background**

As alleged in the complaint, the facts are as follows: the Plaintiff Martin Guerra, a passenger on *MSC Seashore,* slipped and fell on September 8, 2022 "on an unreasonably wet, slippery and/or hazardous condition after exiting the elevators, forward side, on Deck 8 [. . .], near a hand sanitizer stand which did not contain any floor matting." (Am. Compl., ECF No. 20 ¶ 10.) The Plaintiff sustained injuries including a broken wrist that required surgery. (*Id.* ¶ 12.) The Defendant MSC Cruises was on notice about the dangerous condition because "the subject area (near a hand sanitizer stand) has a permanent sign on the wall that reads 'floor slippery when wet'" and a similar accident took place less than a year earlier on the same ship. (*Id.* ¶¶ 13-14.) Guerra makes three claims against MSC Cruises: negligent failure to warn; negligent maintenance; and general negligence.

MSC Cruises now moves to dismiss the amended complaint on the grounds that Guerra has failed to plead MSC's actual or constructive notice. (Mot. at 4.)

2. **Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v.*

*McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### 3. Analysis

"The elements of a negligence claim based on a shipowner's direct liability for its own negligence are well settled: a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (cleaned up) (quoting *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014)). "Under federal maritime law, the duty of care owed by a cruise operator to its passengers is ordinary reasonable care under the circumstances, which requires, as a prerequisite to imposing liability, that the carrier have actual or

constructive notice of the risk-creating condition." *Gayou v. Celebrity Cruises, Inc.*, No. 11–23359–Civ, 2012 WL 2049431, at *5 n.1 (S.D. Fla. June 5, 2012) (Scola, J.) (cleaned up); *see also Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1392 (S.D. Fla. 2014) (Williams, J.).

"A plaintiff may adduce evidence of actual or constructive notice in a variety of ways. Substantially similar incidents may be used to establish constructive notice. A plaintiff may also present evidence that the risk-creating condition existed for a time period sufficient to invite corrective measures." *Darby v. Carnival Corp.*, No. 19-21219-CIV, 2021 WL 6424631, at *6 (S.D. Fla. Dec. 3, 2021) (Goodman, Mag. J.), *report and recommendation adopted*, No. 19-21219-CIV, 2022 WL 108597 (S.D. Fla. Jan. 11, 2022) (cleaned up).

MSC Cruises argues that the amended complaint should be dismissed because Guerra fails to adequately plead that MSC Cruises knew or should have known about the alleged dangerous condition present on the *Seashore*. (Mot. at 4.) According to MSC Cruises, neither of the Plaintiff's notice allegations, which relate to a single prior incident and the presence of a "slippery when wet" sign, is sufficient to establish notice under controlling Eleventh Circuit precedent.

First, MSC argues that the amended complaint fails to plead notice because its mention of a 2021 incident onboard the same cruise ship does not "factually correlate the alleged related prior incident to the subject incident at hand." (Mot. at 8.) According to the Plaintiff, the amended complaint "expressly alleges a prior incident under same [sic] or substantially similar factual circumstances which directly puts MSC on notice of the dangers posed to passengers in a specific area on its vessel within a specific and limited timeframe" by describing an incident that allegedly took place "[on] Deck 8 near the elevators aboard the *MSC Seashore* less than one year before the Plaintiff's incident." (Pl.'s Resp., ECF No. 22 at 5.)

A single prior incident may provide actual or constructive notice of a dangerous condition, but that incident must have been caused by conditions substantially similar to those alleged in the complaint. *See Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022); *Cogburn v. Carnival Corp.*, No. 21-11579, 2022 WL 1215196, at *4-5 (11th Cir. 2022) (*per curiam*) (reversing summary judgment for the cruise line defendant because one prior incident was substantially similar to the plaintiff's fall).

The prior incident cited by the Plaintiffs here is the slip-and-fall alleged in *Wray v. MSC Cruises S.A.*, 22-cv-20540-RKA.[1] But it is impossible for the

---

[1] The amended complaint cites case number 22-cv-20504, which appears to be a typographical error. (Am. Compl. ¶ 14.)

Court to conclude that the incident alleged in that complaint is substantially similar to the slip-and-fall alleged here. The *Wray* complaint does state that an incident took place on the *MSC Seashore* on December 3, 2021, but only provides the following information regarding the incident itself: the plaintiff "slipped and fell on an unreasonably wet, slippery, slick, worn out, hazardous, and/or dangerous flooring surface while exiting an interior elevator located on the subject vessel." (*Wray* Compl., ECF No. 1 ¶ 10.) The *Wray* complaint does not provide any other details, including the specific location of the "interior elevator" or a description of the risk-creating condition, that would allow the Court to compare the two incidents. The Plaintiff's misrepresentations of the contents of the *Wray* complaint do not show otherwise. (*See* Pl.'s Resp. at 5, 6, 8.) The Plaintiff therefore has not sufficiently pleaded a substantially similar prior incident sufficient to put MSC on actual or constructive notice of the condition that caused Guerra's injury.

Second, MSC argues that the "slippery when wet" sign placed in the "subject area (near a hand sanitizer stand)" does not establish notice because "Plaintiff has made no effort to plausibly allege factual content capable of plausibly demonstrating that the alleged warning sign was intended to warn of the specific risk creating condition at issue." (Mot. at 9.) "[A] cruise ship operator has notice of a condition . . . if a sign is posted on a ship warning about the condition." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 722 (11th Cir. 2019). "Not all warning signs will be evidence of notice; there must also be a connection between the warning and the danger." *Id.* at 721.

Accepting the amended complaint's allegations as true and making all reasonable inferences in the Plaintiff's favor, Guerra has plausibly alleged notice based on the "slippery when wet" warning sign. The Court can reasonably infer from the allegations that the placement of the "slippery when wet" sign close to a hand sanitizer stand reflected MSC's awareness that hand sanitizer sometimes spilled onto the floor, creating a slipping hazard. MSC therefore was plausibly aware that "an unreasonably slippery substance and/or hazardous flooring condition" tended to exist in the area where Guerra fell. *See id.*; *Iqbal*, 556 U.S. at 678; *Williams v. MSC Cruises, S.A.*, No. 23-22340-CIV, 2024 WL 81346, at *4 (S.D. Fla. Jan. 8, 2024) (Scola, J.) ("[T]he allegations . . . plausibly plead a connection between the warning signs MSC placed in the subject area and the area's unusual slipperiness."). Accordingly, the Court rejects MSC's argument that Guerra fails to properly plead notice of the risk-creating condition at issue.

**4. Conclusion**

Accordingly, the Court **denies** MSC's motion to dismiss for failure to state a claim. (**ECF No. 21**.)

**Done and ordered** in Miami, Florida, on April 12, 2024.

_____
Robert N. Scola, Jr.
United States District Judge